[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO CORRECT OR VACATE ARBITRATION AWARD
The defendant Nationwide Mutual Insurance Company (Nationwide) has moved to correct or vacate the arbitration award in favor of the plaintiffs. The award against Nationwide dated October 5, 1990 was 20% of the total amount of the award to the plaintiffs, and the effect of it was to require Nationwide to pay $10,000 to the plaintiff Donald Eheman and $5,000 to the plaintiff Michael Eheman.
The total amount of the coverage under the Nationwide Insurance Policy is $50,000, which is the same amount as the coverage under the Aetna Insurance policy on the Connors' vehicle. The Connors' vehicle was not an under-insured motor vehicle as defined in 38-175c(b)(2) C.G.S. and the liability of Nationwide cannot be established by adding together the Nationwide policy and the $200,000 policy of Peerless Insurance Company. See Farm City Insurance Company v. Stevens, 215 Conn. 157, 160, 161. The case of Nationwide Insurance Company v. Gode, 187 Conn. 386 is distinguishable because the claimant could stack the coverage of $20,000 on each of the two insured vehicles under the same policy, resulting in $40,000 uninsured motorist coverage, allowing recovery because the other policy only had $20,000 coverage. Neither Gode or any other case cited by the plaintiffs allow two policies issued by two different companies to be added together to determine if recovery can be made under the underinsured motorist provision in the policy CT Page 3959 against which the claim is made, and the Stevens case suggests the opposite.
The application is granted and the arbitration award is vacated as to Nationwide. Since Peerless Insurance Company did not participate in the application, but may be affected by this order, the plaintiffs and Peerless may bring further proceedings to modify or confirm the arbitration award against Peerless.
ROBERT A. FULLER, JUDGE.